Heather R. Norton (CA-257014)
Harmon & Seidman LLC
2627 18th Avenue
San Francisco, CA 94116
Tel: (415) 728-3527
heather@harmonseidman.com

*Attorneys for Plaintiff Tom Bean*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| TOM BEAN,<br><br>Plaintiff,<br><br>v.<br><br>PEARSON EDUCATION, INC.<br><br>Defendant. | No.<br><br>**COMPLAINT**<br><br>Jury trial demanded |

Plaintiff Tom Bean ("Plaintiff" or "Bean") for his Complaint against Defendant Pearson Education, Inc. ("Pearson"), alleges:

## STATEMENT OF ACTION

1. This is an action for indirect copyright infringement brought by Plaintiff, the holder of copyrights to the photographs described hereafter, against Pearson for uses of Plaintiff's photographs without his authority or permission.

## PARTIES

2. Plaintiff Tom Bean is a United States citizen, a resident of Flagstaff, Arizona, and a highly regarded professional photographer.

3. Plaintiff licenses photographs, including the in-suit images, for distribution throughout the United States, including Arizona.

4.     Pearson is a Delaware corporation and publisher of educational textbooks. Pearson sells and distributes textbooks via its employees and agents in Arizona and throughout the United States, including the publications in suit and ancillary materials, in which Plaintiff's photographs are unlawfully reproduced.

## JURISDICTION AND VENUE

5.     This is an action for injunctive relief, statutory damages, monetary damages, punitive damages, and interest under the copyright laws of the United States.

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).

7.     Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

## FACTS COMMON TO ALL COUNTS

8.     Plaintiff is the owner of copyrights to the attached photographic images ("Photographs"), which have been registered with the United States Copyright Office. Exhibit 1.

9.     Between 1992 and 2007, in response to permission requests from Pearson, Plaintiff sold Pearson limited licenses to use copies of hundreds of his photographs in numerous educational publications.  The permissions Plaintiff granted Pearson were expressly limited by number of copies, distribution area, language, duration, and media.

10.    On June 11, 2013, this Court found on summary judgment that Pearson committed copyright infringement with respect to 378 claims brought by Bean.  Exhibit 2.  Pearson committed these infringements by using Bean's photographs in publications for which it had secured a license, but then made uses beyond the scope of those licenses.  In one example cited by the court, Pearson had a license to print 40,000 copies of Bean's photographs in *Earth: An Introduction to Physical Geology, 9th ed.* by Tarbuck and

Lutgens. Exhibit 3. The Court found Pearson committed copyright infringement by printing 86,518 copies.

11. Without Bean's knowledge, while Pearson was directly infringing his copyrights in licensed publications, it was also facilitating the unauthorized use of his photographs – by Pearson's foreign affiliates – in wholly unlicensed publications.

12. Upon information and belief, Pearson distributed Bean's photographs without permission to other entities, subsidiary companies, divisions, affiliates and/or third parties (collectively "Third Parties"). Upon information and belief, Pearson permitted Third Parties to distribute Pearson's publications containing Bean's photographs in new territories, to translate its publications into new languages, and to adapt its publications for distribution in additional territories. Upon information and belief, Pearson's acts of unauthorized reproduction and distribution of Bean's photographs to the Third Parties took place in the United States.

13. Upon information and belief, Pearson facilitated the international distribution of its publications, in part, through its international rights management group ("IRMG") located in Indiana and New Jersey. The IRMG website indicates that it is the IRMG's "mission to maximize the number of translations and local versions published that are based upon products of Pearson Education," and that the IRMG "arranges for approximately 4,000 third-party licenses annually, which includes translations in approximately 50 languages read around the world." The IRMG website also indicates that its team "frequently travels to countries to visit with local publishing partners who are interested in obtaining foreign rights to our books."

14. Upon information and belief, the Third Parties to whom Pearson distributed Bean's photographs translated Pearson's publications into additional languages or published them in local adaptations or reprints without Plaintiff's permission.

15. For example, in 2009, Pearson Education Deutschland GMBH created a German language version of *Earth: An Introduction to Physical Geology, 9th ed.* by Tarbuck and Lutgens. Exhibit 4. The textbook, titled *Algemeine Geologie*, contains unauthorized reproductions of Bean's Photographs.

16. Bean did not grant to Pearson or Pearson Education Deutschland GMBH permission to use his Photographs in *Algemeine Geologie*.

17. By transmitting the Photographs to Third Parties, Pearson enabled, induced, caused, facilitated, or materially contributed to the Third Parties' unauthorized reproduction and distribution of the Photographs.

18. Upon information and belief, Pearson knew when it reproduced and distributed the Photographs that the Third Parties would reproduce and distribute the Photographs without Plaintiff's authorization.

19. Upon information and belief, Pearson had the right and ability to control the Third Parties' use of the Photographs.

20. Upon information and belief, Pearson knew that the Third Parties were reproducing and distributing Plaintiff's Photographs without permission.

21. Upon information and belief, Pearson directly profited from its reproduction and distribution of the Photographs to the Third Parties. Upon information and belief, Pearson's foreign affiliates earned revenues from the foreign distribution of publications containing the Photographs, and paid Pearson a portion of those revenues.

22. Upon information and belief, Pearson caused copyright infringement of Bean's Photographs in addition to the example provided above. Pearson alone knows the full extent to which it has caused Bean's copyrights to be infringed by distributing the Photographs to Third Parties who exceeded licensed limits or used the Photographs without any license at all.

23. Because Pearson alone knows the extent of the wholly unauthorized uses, Bean cannot further identify them without discovery.

24. The exhibits attached hereto are incorporated into this complaint by this reference.

## COUNT I

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

25. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

26. The foregoing acts of Pearson constitute infringements of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 106 and 501.

27. Plaintiff suffered damages as a result of Pearson's unauthorized use of the Photographs.

## COUNT II

## VICARIOUS COPYRIGHT INFRINGEMENT

28. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

29. The foregoing acts of Pearson constitute infringements of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 106 and 501 *et seq*.

30. Plaintiff suffered damages as a result of Pearson's unauthorized use of the Photographs.

**WHEREFORE**, Plaintiff requests the following:

1. A preliminary and permanent injunction against Defendant and anyone working in concert with it from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related

records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendant without Plaintiff's authorization.

3. Actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

4. Reasonable attorneys' fees.

5. Court costs, expert witness fees, interest and all other amounts authorized under law.

6. Punitive damages.

7. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues permitted by law.

DATED: July 12, 2013

                                                Plaintiff Tom Bean by his attorneys,

                                                */s/ Heather R. Norton*
                                                Heather R. Norton (CA 257014)
                                                Harmon & Seidman LLC
                                                2627 18th Avenue
                                                San Francisco, CA 94116
                                                Tel: (415) 728-3527
                                                heather@harmonseidman.com